# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ERIC S. CANONICO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:13-cv-00316-RCJ-NJK |
| vs. ) | |
| ) | |
| JOSEPH SEALS, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This case arises out of a two-car collision in Las Vegas. Pending before the Court is a Motion to Remand (ECF No. 4). For the reasons given herein, the Court denies the motion.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff Eric Canonico, a Nevada domiciliary, was "rear ended" by Defendant Joseph Seals, a California domiciliary, while driving on Polaris Ave. near N. Tropicana Ave. in Las Vegas, Nevada on July 15, 2012. (Compl. ¶¶ 1–2, 5–6, Oct. 9, 2012, ECF No. 1-1). Plaintiff sued Defendant for negligence in state court, praying for over $10,000 in past and future medical damages, over $10,000 for pain and suffering, and unspecified damages for loss of earning capacity, loss of enjoyment of life, unspecified compensatory damages, attorney's fees, and costs. (*See id.* 3). Defendant removed. Plaintiff has moved to remand, arguing a lack of diversity jurisdiction for failure to satisfy the amount-in-controversy requirement.

## II.   LEGAL STANDARDS

Assuming complete diversity between the parties, federal courts have jurisdiction over state claw claims where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

Where a complaint specifies no precise amount of damages, a removing defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).[1]

## III.     ANALYSIS

The question is whether it is more probable than not that Plaintiff, if he prevails on the theories alleged in the Complaint, can recover more than $75,000 in damages, fees, and costs.  In Nevada, a plaintiff in state court must include in the complaint a recital seeking more than $10,000 in order to invoke the general jurisdiction of the district court and avoid the limited jurisdiction of the justice court, whether the plaintiff in fact seeks $10,000.01 or $10,000,000,000.  Plaintiff pled this in the Complaint.  He therefore claims at least $10,000 in damages.  In fact, Plaintiff prays for at least $20,000 in damages.  Defendant also notes in his Response that Plaintiff argued in state court (and won) that the case was exempt from arbitration because more than $50,000 was at stake.[2]  Defendant attaches the Petition for Exemption from Arbitration filed by Plaintiff in state court. (*See* Pet., Jan. 17, 2013, ECF No. 7-5).  The Petition states that as of the date of the Petition, past medical bills equaled $10,980, property damage equaled $15,202.09, and that total damages would "clearly be in excess of the $50,000 limit. (*See id.* 2).  In Plaintiff's Reply to Defendant's Opposition, Plaintiff further argued that "Plaintiff's

---

[1] Plaintiff is incorrect that the "legal certainty" test applies here, where Defendant opposes remand of a case removed from state court that does not state damages as a sum certain but leaves them open.  The "legal certainty" test applies when a defendant moves to dismiss a complaint filed in federal court for failure to satisfy the amount in controversy requirement. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 401–02 (9th Cir. 1996).  It also applies to oppositions to motions to remand where a plaintiff has specifically alleged in the complaint that the damages are less than the jurisdictional amount. *See Guglielmino v. McKee Foods Corp.*, 506 F.2d 696, 698–99 (9th Cir. 2007) (citing *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)).  Neither circumstance is present here.

[2] In his Reply, Plaintiff notes that Defendant argued in state court (and lost) that less than $50,000 was at stake in the context of mandatory arbitration.

future treatment will surpass the $50,000 minimum." (Reply 2, Feb. 1, 2013, ECF No. 7-7).

Defendant adds $10,980, $15,202.29, and $50,000 to reach $76,182.09. The Court rejects this calculation. Plaintiff appears to have argued in state court that future medical expenses *plus* the past expenses already itemized would exceed $50,000, not that future medical expenses themselves would exceed $50,000. The Court presumes that Plaintiff's litigation strategy is to remain in the $25,000 "buffer zone" between mandatory arbitration in state court and federal removal jurisdiction and will therefore read the arguments Plaintiff made in state court consistently with such a strategy.

Nevertheless, the Court is convinced by a preponderance of the evidence that the amount in controversy exceeds $75,000. Juries often award great amounts for pain and suffering, and Plaintiff will undoubtedly ask a jury for far more than $75,000 in total damages, whether in state or federal court, despite any past arguments Plaintiff or Defendant have made in motion practice. Plaintiff has admitted more than $50,000 is at stake in damages as to past and future medical treatment and property damages alone. The remaining question is whether more than $25,000 is at stake in the form of pain and suffering, loss of earning capacity, loss of enjoyment of life, compensatory damages, attorney's fees, and costs. It almost certainly is. Attorney's fees alone need only be 100 hours at $250 per hour to reach the amount-in-controversy, without considering fixed costs. It is very unlikely that Plaintiff will receive less than $25,000 for all of these measures of damages combined if he successfully receives them all in some measure.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 4) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge